UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ANTOINE D. JOHNSON ,

                Petitioner,

    v.

UNITED STATES PROBATION AND PRETRIAL SERVICES,

                Respondent.

CASE NO. 3:22-cv-05163-RSM

**ORDER DISMISSING CASE**

        This matter comes before the Court on Petitioner Antoine D. Johnson's *pro se* petition for writ of habeas corpus challenging his criminal conviction in 3:09-cr-05703-RBL. Although the petition uses a § 2241 form and claims Petitioner is not challenging the validity of the above conviction and sentence, the brief in support of the petition cites to §2255 and demonstrates that Petitioner indeed challenges this conviction. Because Petitioner's habeas challenge is both time-barred and successive, the Court denies this petition and **DISMISSES** the matter with prejudice.

        **I.**      **BACKGROUND**

        The present habeas petition raises four grounds for relief. Ground one alleges the "Court denied my claim on the basis of a prior adjudication without making specific finding that the ends of justice would not be served by reaching merits." Dkt. #1 at 6. Ground two alleges "[t]he ends of justice will be served by reaching the merits" and cites to the transcript of a hearing conducted

ORDER DISMISSING CASE - 1

on June 15, 2011, before the Honorable Robert Lasnik. *Id.* Ground three alleges "manifest injustice – Government witness testified falsely and the prosecutor knew." *Id.* Ground four alleges race discrimination because he is a "Negro," the prosecutor knew the agent lied, and because no judicial officer will consider the facts or "lies." *Id.* at 7. As relief, Petitioner requests an "evidentiary hearing to determine whether the federal agent lied." *Id*. at 7.

Petitioner's attached brief is titled "2241 Petition for Writ of Habeas Corpus Challenging June 11, 2015, 2255 Motion Judgment Evidentiary Hearing Requested." Dkt. 1-2. In this brief, Petitioner contends "the evidentiary hearing underlying the June 15, 2015, 2255 Motion was not 'full and fair.'" *Id.* at 2. The brief states, "[t]o let a brazen liar game the system to allow the Government to acquire a criminal conviction is injustice." *Id* at 4. Petitioner is clearly challenging his federal conviction and sentence.

The federal conviction and sentence Petitioner challenges was resolved many years ago. Petitioner was charged by complaint on January 30, 2009. Case No. 3:09-cr-05703-RBL, Dkt. #1. On November 10, 2011, a jury found Petitioner guilty of numerous counts. Case No. 3:09-cr-05703-RBL, Dkt. #550. On March 29, 2012, Petitioner was sentenced. Dkt. #629. Petitioner filed a notice of appeal on April 2, 2012. Case No. 3:09-cr-05703-RBL, Dkt. #637. On September 10, 2013, a three-judge panel issued a memorandum affirming Petitioner's conviction and sentence. Case No. 3:09-cr-05703-RBL, Dkt. #698. Rehearing and hearing en banc were denied on December 19, 2013, and the Circuit Court issued a mandate on January 14, 2014. Case No. 3:09-cr-05703-RBL, Dkt. #703.

On December 29, 2014, Petitioner filed a § 2255 motion to vacate his conviction and sentence. Case No. 3:09-cr-05703-RBL, Dkt. #707. The motion was denied on June 11, 2015. Case No. 3:09-cr-05703-RBL, Dkt. #708. No appeal was taken.

## II.  DISCUSSION

Petitioner's current petition is a 28 U.S.C. § 2255 challenge to his federal conviction and sentence. Section 2255 provides a remedy that is commensurate with state habeas relief. *Hill v. United States*, 368 U.S. 424, 427 (1962).  Because a § 2255 motion is "commensurate" with state habeas relief, it may only be used to collaterally attack a conviction and sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255; *see also United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir.1981) ("[Motions under § 2255 are limited to:] (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence imposed in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack.").

Further § 2255 generally is the **sole** basis for a person claiming his or her sentence violates the law.  It is the equivalent of a petition for writ of habeas corpus and seeks relief from the effects of a federal conviction.  Defendant has already utilized this method, without success.

A second or successive § 2255 motion may only be brought if certified by an appellate court to meet certain stringent requirements, none of which are present here. The record establishes Petitioner is entitled to no relief because the present habeas petition is untimely and successive.

### A.  Statute of Limitations

The present petition is barred by the statute of limitations.  Section 2255 motions must be filed within a one-year period starting on the later of: (1) the date the judgment of conviction becomes final; (2) the date a government-created impediment to filing is removed; (3) the date the right asserted is initially recognized; or (4) the date the facts supporting the claims become discoverable.  *See* 28 U.S.C. § 2255(f).

The record shows Petitioner was sentenced in 2012 and appealed on April 2, 2012. The Circuit Court issued a mandate affirming on January 14, 2014. On December 29, 2014, Petitioner filed a § 2255 motion to vacate his conviction and sentence. The motion was denied on June 11, 2015, and no appeal was taken. Petitioner submitted for filing the instant habeas petition on March 15, 2022, well beyond the one-year statute of limitations.

The record does not establish any basis that excuses the untimeliness of the instant habeas petition. Petitioner attaches the transcript of an evidentiary hearing held in his criminal case in 2011 in support of his petition. Since he was present at the hearing there is nothing to show there was a Government created impediment that prevented Plaintiff from timely filing the instant petition, or that his claim involves facts he could not discover. The Court concludes the present petition should be dismissed as time-barred.

### B. Bar on Second or Successive Petitions

In addition to being untimely, the present habeas petition is barred as a second or successive petition. A person may not file a second or successive § 2255 petition unless he or she makes a *prima facie* showing to the appropriate court of appeals that the petition is based on: (1) "a new rule," (2) "of constitutional law," (3) "made retroactive to cases on collateral review by the Supreme Court," (4) "that was previously unavailable." 28 U.S.C. § 2255(h)(2); *Tyler v. Cain*, 533 U.S. 656, 662 (2001). Section 2255(h)(2) creates a jurisdictional bar to the petitioner's claims: "If the petitioner does not first obtain our authorization, the district court lacks jurisdiction to consider the second or successive application." *Lopez,* 577 F.3d at 1061.

This petition deals with the claim a witness lied at an evidentiary hearing. None of the exceptions that allow for a second or successive habeas petition apply here. The present habeas petition is thus an impermissible second or successive petition.

### III.   CERTIFICATE OF APPEALABILITY

A prisoner seeking post-conviction relief under § 2255 may appeal a district court's dismissal of the petition only after obtaining a certificate of appealability ("COA") from a district or circuit judge.  A COA may be issued only where a petitioner has made "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(3).  A prisoner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under this standard, the Court finds that no reasonable jurist would disagree that petitioner's habeas petition is a § 2255 petition challenging his convictions and sentence and that it is barred by the statute of limitations and the prohibition on second or successive petitions.

### IV.   CONCLUSION

Having considered Petitioner's motion and the remainder of the record, the Court hereby finds and ORDERS that Petitioner's Motion under § 2255 (Dkt. #1) is DENIED.  No Certificate of Appealability shall issue.  This case is CLOSED.

DATED this 22nd day of March, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER DISMISSING CASE - 5